UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD PATRICK KLINE, YESINA REYES ABREU, Individually And On Behalf Of All Others Similarly Situated,<br><br>                                  Plaintiffs,<br><br>v.<br><br>DYMATIZE ENTERPRISES, LLC,<br><br>                                  Defendant. | Case No.: 15-CV-2348-AJB-RBB<br><br>**ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>(Doc. No. 26) |

Presently before the Court is Plaintiffs Ronald Patrick Kline's and Yesina Reyes Abreu's (collectively, "Plaintiffs") motion for preliminary approval of class action settlement. (Doc. No. 26.) Defendant Dymatize Enterprises, LLC ("Defendant") does not oppose the motion. (Doc. No. 30.) Plaintiffs request the Court (1) preliminarily approve the settlement; (2) conditionally certify the proposed class under Rule 23(b)(2) of the Federal Rules of Civil Procedure; (3) appoint Robert Kline and Yesina Abreu as the class representatives; (4) appoint Plaintiffs' counsel as class counsel; and (5) schedule a final fairness hearing. Having reviewed the parties' moving papers under controlling legal authority, and pursuant to Local Civil Rule 7.1.d.1, the Court finds the matter suitable for

disposition on the papers and without oral argument. For the reasons set forth below, the Court **GRANTS** Plaintiffs' motion.

## BACKGROUND

Defendant is the seller of supplement products, including Dymatize protein products. (Doc. No. 18 ¶¶ 1, 3.) Defendant packages its protein products in "large, opaque containers that contain more than 45% empty space." (*Id.* ¶ 1.) Consumers, including Plaintiffs, were misled by the size of the packaging into paying a premium for these products. (*Id.* ¶¶ 1, 6, 33.)

Plaintiffs filed the instant class action lawsuit on behalf of themselves and all others similarly situated on October 17, 2015. (Doc. No. 1.) Shortly thereafter, the parties submitted to mediation and informed the Court on April 15, 2016, that they reached a nationwide settlement. (Doc. No. 17.) Plaintiffs amended their complaint on April 22, 2016, to name the correct defendant, Dymatize, and dismiss the action without prejudice as to Post Holdings, Inc. (*Id.* at 2; *see* Doc. No. 18.)

On July 11, 2016, Plaintiffs filed the instant motion for preliminary approval of class action settlement. (Doc. No. 26.) Defendant does not oppose the motion. (Doc. No. 30.)

## TERMS OF THE PROPOSED SETTLEMENT

### I. Class Definition

The proposed settlement class consists of "[a]ll persons in the United States who made one or more retail purchases, between October 1, 2011 through the date of entry of preliminary approval, of any of the following Dymatize Protein Products: (i) ISO-100; (ii) Elite Whey Protein; (iii) Elite Casein; (iv) Elite Fusion 7; (v) Elite XT; (vi) Pursuit RX Recovery Brand; (vii) Elite Gourmet; (viii) Pursuit RX Whey Protein."(Doc. No. 26-3 at 5.)

### II. Class Benefits

The Agreement seeks injunctive relief for a period of five years, requiring Defendant to make certain changes to its product packaging as to the eight challenged protein products. (*Id.* at 6.) Specifically, Defendant agrees that it will (1) manufacture the products

in translucent substrate containers and include a window in the label design that allows a view of the container's contents; (2) add the number of servings to the product label; and (3) state that the product is sold by weight and not volume. (*Id.*)

### III. Class Notice

Because the proposed settlement releases only those claims that Plaintiffs and the proposed class members may have for injunctive relief, "the Parties agree that notice and opt-out rights are not necessary." (*Id.* at 7.)

### IV. Attorneys' Fees and Costs

Defendant agrees to pay not more than $75,000 in attorneys' fees and all reasonable costs of litigation. (*Id.* at 8.)

### V. Incentive Award to Class Representatives

Defendant agrees to pay each named Plaintiff not more than $1500. (*Id.*)

### VI. Release

In exchange for the above settlement relief, the proposed settlement releases the class's claims for "injunctive relief claims under the causes of action alleged in the First Amended Complaint, as well as claims under similar statutes[.]" (*Id.* at 7.) The Agreement does ***not*** release any claims for statutory damages or monetary relief that the class may have. (*Id.*)

## LEGAL STANDARD

"Voluntary conciliation and settlement are the preferred means of dispute resolution in complex class action litigation." *Smith v. CRST Van Expedited, Inc.*, No. 10-CV-1116-IEG (WMC), 2013 WL 163293, at *2 (S.D. Cal. Jan. 14, 2013) (citing *Officers for Justice v. Civil Serv. Comm'n of City & Cnty. of S.F.*, 688 F.2d 615, 625 (9th Cir. 1982)). "In a class action, however, any settlement must be approved by the court to ensure that class counsel and the named plaintiffs do not place their own interests above those of the absent class members." *Dennis v. Kellogg Co.*, 697 F.3d 858, 861 (9th Cir. 2012); *see also* Fed. R. Civ. P. 23(e) ("The claims, issues, or defenses of a certified class may be settled . . . only with the court's approval.").

# DISCUSSION

"[C]ourt approval of a class action settlement involves a two-step process—preliminary approval, followed by final approval of the settlement . . . ." *In re M.L. Stern Overtime Litig.*, No. 07-CV-0118-BTM (JMA), 2009 WL 995864, at *3 (S.D. Cal. Apr. 13, 2009). In this case, the Court is at the first step—preliminary approval. This "initial decision to approve or reject a settlement proposal is committed to the sound discretion of the trial judge." *Officers for Justice*, 688 F.2d at 625. The "Court need not review the settlement in detail at this juncture; instead, preliminary approval is appropriate so long as the proposed settlement falls within the range of possible judicial approval." *In re M.L. Stern Overtime Litig.*, 2009 WL 995864, at *3 (citation and internal quotation marks omitted). However, even at this preliminary stage, "a district court may not simply rubber stamp stipulated settlements." *Kakani v. Oracle Corp.*, No. C 06-06493 WHA, 2007 WL 1793774, at *1 (N.D. Cal. June 19, 2007). Rather, the Court must "ratify both the propriety of the certification and the fairness of the settlement." *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003).

## I.     *Propriety of Class Certification*

To approve a settlement, a district court must first make a finding that a class can be certified. "When, as here, the parties have entered into a settlement agreement before the district court certifies the class, reviewing courts 'must pay undiluted, even heightened, attention to class certification requirements.'" *Id.* (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998)) (internal quotation marks omitted).

Rule 23(a) sets out four prerequisites for class certification: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. Fed. R. Civ. P. 23(a). In addition to the four Rule 23(a) requirements, a Rule 23(b)(2) class—the subsection at issue here, (Doc. No. 26-3 at 6, 7)—must also demonstrate that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole[.]" Fed. R. Civ. P. 23(b)(2). Pursuant to Federal Rule of Civil Procedure 23(c)(1), a court may

"make a conditional determination of whether an action should be maintained as a class action, subject to final approval at a later date." *Fry v. Hayt, Hayt & Landau*, 198 F.R.D. 461, 466 (E.D. Pa. 2000) (citing Fed. R. Civ. P. 23(c)(1)).

### A. Numerosity

Rule 23(a)(1) requires that the proposed class be "so numerous that joinder of all members is impracticable[.]" Fed. R. Civ. P. 23(a)(1). "'[I]mpracticability' does not mean 'impossibility'"; rather, the inquiry focuses on the "difficulty or inconvenience of joining all members of the class." *Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909, 913–14 (9th Cir. 1964) (citation omitted). While there is no set threshold, classes of more than seventy-five members are generally sufficient. *Breeden v. Brenchmark Lending Grp.*, 229 F.R.D. 623, 628 (N.D. Cal. 2005). In determining whether numerosity is satisfied, the Court may draw reasonable inferences from the facts before it. *Gay v. Waiters' & Dairy Lunchmen's Union*, 549 F.2d 1330, 1332 n.5 (9th Cir. 1977).

Here, it is unknown precisely how many members comprise the class. However, it may be reasonably inferred that there are at least thousands of class members given that over 8 million units of Defendant's products have been sold during the class period. (Doc. No. 26-8 at 5.) *See Abdeljalil v. Gen. Elec. Capital Corp.*, 306 F.R.D. 303, 308 (S.D. Cal. 2015) ("Based on the record presented, it is clearly reasonable that at least 40 class members or more can be identified from defendant's 340 million account holders. Thus, this Court finds plaintiff has sufficiently met, at this juncture, the numerosity requirement."). The Court thus finds numerorisity satisfied.

### B. Commonality

Rule 23(a)(2) requires that there be "questions of law or fact common to the class[.]" Fed. R. Civ. P. 23(a)(2). Commonality is satisfied where claims "depend upon a common contention . . . of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). The plaintiff's burden for showing commonality is "minimal." *Hanlon*, 150 F.3d

at 1020. Accordingly, "[t]he existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." *Id.* at 1019.

Plaintiffs assert that the commonality requirement is satisfied because the class members' claims all stem from the same factual circumstances, specifically, that each member purchased one or more of the eight products during the class period. (Doc. No. 26-1 at 27.) Plaintiffs further assert that many questions of law are common to the class. (*Id.* at 27–28.)

The Court agrees that commonality is satisfied. In addition to the similarity of factual circumstances giving rise to each class member's claims, many questions of law are common to the class with respect to whether Defendant's packaging represents violations of the consumer protection laws, including whether the packaging constitutes misrepresentations of material facts. *See In re Ferrero Litig.*, 278 F.R.D. 552, 560 (S.D. Cal. 2011) ("Plaintiffs present[] sufficient facts to show that all of the class members' claims share a common contention: namely, that Defendant made a material misrepresentation regarding the nutritious benefits of Nutella® that violated the UCL, FAL and the CLRA.").

**C.    Typicality**

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class[.]" Fed. R. Civ. P. 23(a)(3). "The test of typicality is whether other members of the class have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured in the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citation and internal quotation marks omitted). Because this is a "permissive" requirement, it is satisfied if the representative parties' claims are "reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon*, 150 F.3d at 1020.

//

1  Like the commonality requirement, the Court finds the typicality requirement readily
2  satisfied. Plaintiffs' claims of misleading packaging are typical of the proposed class's
3  claims. Because the present motion presents no difference between Plaintiffs' claims and
4  those of the proposed settlement class, the Court finds typicality is satisfied. *See In re*
5  *Ferrero Litig.*, 278 F.R.D. at 559 ("Plaintiffs allege that their claims are identical to the
6  claims of other class members, namely that Ferrero deceptively labeled and marketed the
7  product as healthful and appropriate for school-aged children for breakfast, despite the fact
8  that Nutella® is made primarily of high-saturated-fat palm oil and sugar, which can
9  increase the risk of cardiovascular disease, childhood type-2 diabetes, and other chronic
10 diseases. The Court concludes that Plaintiff's claims are 'reasonably co-extensive with
11 those of absent class members' for purposes of Rule 23(a)(3).'" (quoting *Hanlon*, 150 F.3d
12 at 1020)).

**D.  Adequacy**

14 Rule 23(a)(4) requires the class representative to "fairly and adequately protect the
15 interests of the class." Fed. R. Civ. P. 23(a)(4). In assessing this requirement, courts within
16 the Ninth Circuit apply a two-part test: (1) do the named plaintiffs and their counsel have
17 any conflicts of interest with other class members; and (2) will the named plaintiffs and
18 their counsel prosecute the action vigorously on behalf of the class? *Staton*, 327 F.3d at
19 957 (citing *Hanlon*, 150 F.3d at 1020).

20 Plaintiffs and Plaintiffs' counsel assert the adequacy requirement is satisfied because
21 they have no conflicts of interest with the proposed class given that Plaintiffs' claims are
22 typical of, and virtually identical to, those of the class. (Doc. No. 26-1 at 29.) They further
23 assert they are adequate based on their efficient and diligent prosecution of this action since
24 its inception. (*Id.*)

25 There are no facts to suggest that Plaintiffs and their counsel are not adequate
26 representatives of the proposed class's interests. There is nothing to suggest any conflicts
27 of interest exist. Furthermore, the amount of work already completed in this case, including
28 participation in mediation and informal and confirmatory discovery, supports the

conclusion that Plaintiffs and their counsel have, and will continue to, adequately represent the interests of the proposed class. Thus, the Courts find Plaintiffs satisfy the adequacy requirement. *See In re Ferrero Litig.*, 278 F.R.D. at 559 (finding adequacy satisfied where there was "no conflict of interest between the proposed class representatives, their counsel, and the class").

### E.     Rule 23(b)(2) Requirement

Having satisfied the prerequisites set forth in Rule 23(a), Plaintiffs must also satisfy one of the three provisions of Rule 23(b). Plaintiffs seek certification of a class under Rule 23(b)(2). A class may be certified under Rule 23(b)(2) "if 'broad, class-wide injunctive or declaratory relief is necessary to redress a group-wide injury.'" *Meyer v. Portfolio Recovery Assocs., LLC*, No. 11-CV-1008 AJB (RBB), 2011 WL 11712610, at *5 (S.D. Cal. Sept. 14, 2011) (quoting *LaFlamme v. Carpenters Local*, 212 F.R.D. 448, 456 (N.D.N.Y. 2003)). Class certification under Rule 23(b)(2) requires that the defendant acts "on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole[.]" Fed. R. Civ. P. 23(b)(2).

The Court finds that preliminary certification of the class under Rule 23(b)(2) is appropriate for two reasons. First, California and New York law both provide for injunctive relief, and Plaintiffs seek such relief in their complaint. (*See* Doc. No. 18 ¶¶ 61, 72, 100.) *See also, e.g.*, Cal. Bus. & Prof. Code §§ 17203, 17535; Cal. Civ. Code § 1782(d); N.Y. Gen. Bus. Law § 349(h). Second, the injunctive relief sought applies generally to the class, as Plaintiffs seek an order from the Court requiring Defendant to comply with the relevant consumer protection laws by making changes to its product packaging. This relief redresses the class-wide injury of misleading packaging, relief that would otherwise be unobtainable absent an injunction.

In sum, the Court finds the proposed settlement class meets the requirements of Rule 23(a) and 23(b)(2). The Court therefore certifies the class as defined in the settlement agreement. (Doc. No. 26-3 at 4–5.)

//

## II. Fairness of Proposed Settlement

In conducting the second part of the inquiry, Federal Rule of Civil Procedure 23(e) requires a district court to determine whether a proposed class action settlement is fundamentally fair, adequate, and reasonable. *See Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992). "It is the settlement taken as a whole, rather than the individual component parts, that must be examined for overall fairness." *Hanlon*, 150 F.3d at 1026; *see also Officers for Justice*, 688 F.2d at 630 (holding a settlement must stand or fall in its entirety because a district court cannot "delete, modify or substitute certain provisions").

A court must assess several factors to determine the overall fairness of a proposed class action settlement: "the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement." *Hanlon*, 150 F.3d at 1026. A class action settlement that takes place prior to formal class certification "requires a higher standard of fairness." *Id.*

In this case, while confident in the merits of their case, Plaintiffs are cognizant of the inherent risks of lengthy litigation. Defendant adamantly denies liability and Plaintiffs' ability to obtain class certification. (Doc. No. 26-1 at 20–22.) The proposed settlement adequately accounts for these risks. While the class will not receive monetary compensation, the proposed settlement provides significant injunctive relief in the form of "a change in Defendant's practices as it concerns the marketing of its Protein Products . . . ." (*Id.* at 23.) Notably, the settlement does not release any claims the class may have for statutory damages or other monetary relief. (Doc. No. 26-3 at 7.)

That the settlement was reached with the assistance of an experienced mediator further suggests that the settlement is fair and reasonable. *See Bellinghausen v. Tractor Supply Co.*, 303 F.R.D. 611, 620 (N.D. Cal. 2014) (noting that discovery and the use of a

mediator "support the conclusion that the Plaintiff was appropriately informed in negotiating a settlement" (citation omitted)). On April 11, 2016, the parties engaged in private mediation before the Honorable Victor B. Kenton (retired), at which time they agreed to settle this lawsuit subject to further negotiations, confirmatory discovery, and the Court's approval. (Doc. No. 26-1 at 25.) The parties also engaged in informal discovery. (Doc. No. 26-2 ¶ 9.) This time and effort militate in favor of preliminary approval. *See In re Wireless Facilities, Inc. Secs. Litig. II*, 253 F.R.D. 607, 610 (S.D. Cal. 2008) ("Settlements that follow sufficient discovery and genuine arms-length negotiation are presumed fair.").

Finally, courts generally afford great weight to the recommendation of counsel with respect to settlement because counsel "are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in the litigation." *In re Pac. Enters. Secs. Litig.*, 47 F.3d 373, 378 (9th Cir. 1995). Given Plaintiffs' counsels' experience with similar consumer protection class action litigation, (Doc. No. 26-2 ¶¶ 23–24; Doc. No. 26-9 ¶ 14), the Court finds that affording deference to their decision to settle the case, as well as the terms of that settlement, is appropriate.

Taken together, the Court concludes these facts support finding the settlement to be fair, reasonable, and adequate.

### III. *Appointment of Class Counsel*

Next, Plaintiffs request the Court appoint them as class representatives and appoint their counsel as class counsel. (Doc. No. 26-1 at 31.) The choice of counsel has traditionally been left to the parties, "whether they sue in their individual capacities or as class representatives." *In re Cavanaugh*, 306 F.3d 726, 734 (9th Cir. 2002). In certifying a class, a court must appoint class counsel pursuant to the considerations set forth in Rule 23(g), including "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law;

1  and (iv) the resources that counsel will commit to representing the class[.]" Fed. R. Civ. P.
2  23(g).
3        Plaintiffs assert that the Court may appoint their counsel, Abbas Kazerounian of
4  Kazerouni Law Group, APC and Joshua B. Swigart of Hyde & Swigart, as class counsel
5  because the parties have agreed. (Doc. No. 26-1 at 31.) Having reviewed their declarations,
6  the Court finds appointment of the Kazerouni Law Group, APC and Hyde & Swigart is
7  appropriate. Counsels' declarations reflect their extensive experience in handling consumer
8  class actions and their training in the area of consumer rights litigation. (Doc. No. 26-2 ¶¶
9  21–36; Doc. No. 26-9 ¶¶ 12–16.)
10       Additionally, the Court finds appointing Plaintiffs Robert Kline and Yesina Abreu
11 as class representatives is appropriate. Plaintiffs' interests align with those of the proposed
12 class members, and no conflicts of interest exist that would render them inappropriate class
13 representatives. (Doc. No. 26-10 ¶ 12; Doc. No. 26-11 ¶ 12.) Furthermore, Plaintiffs attest
14 to their involvement in this case throughout the litigation. (Doc. No. 26-10 ¶ 8; Doc. No.
15 26-11 ¶ 8.) The Court therefore appoints Robert Kline and Yesina Abreu as class
16 representatives and Abbas Kazerounian of Kazerouni Law Group, APC and Joshua B.
17 Swigart of Hyde & Swigart as class counsel.

### IV. Notice

When a class is certified under Rule 23(b)(2) and only provides for injunctive relief, no notice of class certification is required. *Kim v. Space Pencil, Inc.*, No. C 11-03796 LB, 2012 WL 5948951, at *4 (N.D. Cal. Nov. 28, 2012). When certifying a class under Rule 23(b)(2), "the court may direct appropriate notice to the class." Fed. R. Civ. P. 23(c)(2)(A). In this case, the costs of attempting to identify the class members to provide notice of certification appear prohibitive to settlement. (Doc. No. 26-3 at 7.)

Generally, courts are required to "notify the class members of the proposed settlement . . . ." *In re M.L. Stern Overtime Litig.*, 2009 WL 995864, at *3; *see* Fed. R. Civ. P. 23(e)(1) ("The court must direct notice in a reasonable manner to all class members who would be bound by the proposal."). Here, the Court finds that notice to the class of the

settlement is not necessary because under the settlement, Plaintiffs and the class release only those claims they may have for injunctive relief—relief they will receive through the settlement—but not claims for statutory damages or other monetary awards. (Doc. No. 26-3 at 7.) The Court therefore exercises its discretion and does not direct notice because the settlement does not alter the unnamed class members' legal rights. *See Lilly v. Jamba Juice Co.*, No. 13-CV-2998-JST, 2015 WL 1248027, at *8–9 (N.D. Cal. Mar 18, 2015) (concluding that class notice of settlement not necessary because "even if notified of the settlement, the settlement class would not have the right to opt out from the injunctive settlement and the settlement does not release the monetary claims of class members").

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Plaintiffs' unopposed motion for preliminary approval of class action settlement. (Doc. No. 26.) The class is certified for settlement purposes only under Rule 23(b)(2). The Court appoints Plaintiffs Robert Patrick Kline and Yesina Reyes Abreu as class representatives. The Court appoints Abbas Kazerounian of Kazerouni Law Group, APC and Joshua B. Swigart of Hyde & Swigart as class counsel. A hearing will be held before the Court on **_February 6, 2017, at 3:00 p.m. in Courtroom 3B_** to determine whether the Court should grant final approval of the settlement and to determine the propriety of Plaintiffs' attorney's fees and costs and the incentive payment to the class representatives. All papers in support of the settlement's final approval must be filed with the Court no later than **_December 29, 2016_**. Plaintiffs are granted leave to file up to 30 pages regarding settlement papers and inclusive of the fee request.

**IT IS SO ORDERED.**

Dated: October 13, 2016

Hon. Anthony J. Battaglia
United States District Judge